# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| _____ ) | |
| **NYDIA BAEZ**                                        ) | **CIVIL ACTION** |
|     **Plaintiff**                             ) | |
|                 ) | |
| **v.**                                                        ) | **JURY TRIAL DEMANDED** |
|                 ) | |
| **COUNTRY MOTORS II, INC. D/B/A**      ) | |
| **BOB'S BUICK GMC OF MILFORD**        ) | |
|     **Defendant**                         ) | |
| _____) | **JULY 22, 2014** |

## COMPLAINT

1.      This is an action brought by a consumer against Country Motors II, Inc. d/b/a Bob's Buick GMC of Milford ("Country Motors") for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*  Plaintiff also asserts pendent state law claims against Country Motors for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*

2.      Plaintiff, Nydia Baez, is a consumer residing in New Haven, Connecticut.

3.      Country Motors is a Connecticut corporation that operates a motor vehicle dealership in Milford, Connecticut.

4.      Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640, 28 U.S.C. § 1367 and Fed. R. Civ. P. 18(a).

5.      This Court has jurisdiction over Country Motors because it is located in Connecticut and incorporated under the laws of the state of Connecticut.

6.      Venue in this Court is proper, because the transaction alleged herein occurred in this state.

7.     On or around March 14, 2014, Plaintiff visited Country Motors for the purpose of purchasing a 2011 Nissan Rogue (the "Vehicle").

8.     Prior to the sale of the Vehicle to Plaintiff, Country Motors advertised the vehicle online for various prices, all less than $23,000.

9.     Country Motors sold the Vehicle to Plaintiff at a cash price of $22,999; an amount roughly $5,000 more than the Vehicle's fair market value and significantly higher than the Vehicle's advertised price.

10.    Country Motors also credited Plaintiff with $8,000 for her trade in vehicle; an amount that was significantly greater than the assessed trade-in value.

11.    By grossly inflating the Vehicle's cash price and overstating the trade in vehicle's value, Country Motors failed to provide Plaintiff with an accurate itemization of the amount financed, as required by TILA.  Specifically, the disclosure provided by Country Motors provided that the trade-in value exceeded the $7,463.31 owed on that vehicle and provided that $536.69 in equity was being applied towards the purchase price.  In reality, however, the allowance had been inflated to falsely give that impression, and Country Motors inflated the purchase price of the Vehicle to compensate for the difference in order to mask the fact that a portion of the amount owed on the trade-in was being rolled into the amount financed for the purchase of the Vehicle.

12.    Plaintiff suffered actual damages, because she was unaware that she owed more money on her trade-in than the trade-in's worth and, if proper disclosures had been made, she would have had an opportunity to reconsider whether she wanted to enter into an extremely disadvantageous contract.

13.    For Country Motors' violations of TILA, Plaintiff is entitled to her actual damages, and attorneys fees and costs pursuant to 15 U.S.C. § 1640.

14.    Country Motors also violated express and implied warranties in connection with the vehicle, and it has failed to make repairs despite having been given a reasonable opportunity to do so.

15.    Additionally, Country Motors engaged in unfair and deceptive acts in violation of CUTPA as follows:

    a.  Through engaging in conduct in violation of TILA, as described above, Country Motors violated CUTPA.

    b.  Country Motors violated Conn Agencies Regs. § 42-110b-28b(1) by selling the Vehicle for a cash price higher than the advertised cash price.

    c.  Country Motors engaged in unfair or deceptive acts or practices by including a GAP Addendum that, because the purchase price had been significantly inflated, failed to fulfill the essential purpose of that contract because the maximum deficiency waiver coverage was more than $2,000 less than the amount financed as of the date of the transaction.

    d.  It conducts sales in Spanish, and the sales person spoke to Plaintiff in Spanish, but it does not utilize Spanish-language "Buyers Guide" stickers as required by the Federal Used Car Rule, 16 C.F.R. § 455.5.

    e.  Country Motors failed to disclose in advertisements for the vehicle that it was a former rental.

    f.  Country Motors misrepresented this history of the Vehicle by falsely stating that it was traded in by its former owner.

g. By misrepresenting the sales price and trade-in values.

h. It utilized an arbitration clause in its contract documents that designated the American Arbitration Association ("AAA") as the administrator for the arbitration of any disputes and then failed to abide by the guidelines, criteria, and specifications for businesses utilizing the AAA arbitration services, resulting in the AAA's refusal to administer Plaintiff's claim, causing her expense and delay in the adjudication of this controversy.

16.     As a result of the conduct of Country Motors, Plaintiff suffered ascertainable losses and damages, including, but not limited, an increased Vehicle purchase price, increased interest associated with the increased amount financed on the RISC, increased sales tax, purchase of a GAP Addendum which plaintiff could not use and did not desire.

17.     Country Motors' violations of CUTPA, Plaintiff is entitled to her damages plus punitive damages and a reasonable attorney's fee.

18.     Pursuant to the terms of the contract, Wells Fargo Dealer Services is liable to Plaintiff for all claims asserted under the Contract up to the amounts paid under the contract, and because Country Motors was provided with written notice of Plaintiff's claims, its liability is extended to include the unpaid balance of the Contract pursuant to Conn. Gen. Stat. § 52-572g.

**Wherefore, Plaintiff claims,** actual damages pursuant to 15 U.S.C. § 1640(a)(1) plus a reasonable attorney's fee pursuant to 15 U.S.C. § 1640(a)(3); actual damages for breach of warranty plus attorney's fees under the Magnuson-Moss Warranty Act; actual damages pursuant to Conn. Gen. Stat. § 42-110g(a); statutory punitive damages pursuant to Conn. Gen. Stat. § 42-110g(g); and attorney's fees pursuant to Conn. Gen. Stat. § 42-110g(d).

PLAINTIFF, NYDIA BAEZ

By: /s/ Daniel S. Blinn
Daniel S. Blinn, ct02188
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd.  Suite 512
Rocky Hill, CT 06067
Tel. (860) 571-0408
Fax (860) 571-7457